Mitchell L. Erlanger, for petitioner.
Platzek, Stroock & Herzog, for respondents.

---

(25 Misc. Rep. 72.)

In re ANDREWS' ESTATE.

(Surrogate's Court, New York County. October, 1898.)

SPECIFIC LEGACIES—SALE BY TESTATOR—ADEMPTION.

Testator directed the trustee of certain stock to transfer the same, "or the proceeds thereof, when realized, in the same manner as the shares would have been to me," to certain devisees. There was evidence that testator had sold the shares in his lifetime. *Held,* that if evidence was furnished of the actual sale of the shares, and the sums realized therefor, the proceeds of the shares specified in the will would go to the legatees.

Appeal from report of appraiser.
In the matter of the estate of Henry C. Andrews, deceased, the appraiser determined who were the legatees under the will, and the residuary legatees appeal. Remitted.

Niles & Johnson, for appellants.

Edgar J. Levy, for appellee comptroller.

FITZGERALD, S.    This is an appeal by the residuary legatees. The ground of the appeal is that the appraiser erroneously determined the legatees under the will.    The portion of the will pertinent to the present inquiry is as follows:

"I also give her [Kate M. Jenkins] one share, out of the four owned by me, of the 'Passaic Water Enterprise,' so called, which four shares are held in trust for me by John R. Bartlett.    I give to my cousin another of said shares, and to my aunt S. C. C. another of said shares, and to my cousin S. B. C. the other share, in said enterprise; and I authorize and direct said Bartlett to transfer to said persons said shares, or the proceeds thereof, when realized, in the same manner as the said shares would have been to me. * * * All the rest, residue, and remainder of my estate I give to. F. V. G. and C. G., share and share alike."

Appended to the will is an unattested writing, as follows:

"Having sold the shares above mentioned, I give, in lieu of each share, the sum of $10,000 to each of the persons above mentioned as receiving a share; i. e. to Miss Jenkins $10,000 in addition to the 1,500 above given her, to Mrs. Chute $10,000, to Miss Chute $10,000, and to Mrs. Skinner $10,000.    The Misses Gibbens having married, I give all the residue of my estate to the following, in equal shares, viz.:  The children of Alice Skinner, Nellie Bacon, daughter of Mrs. Ellen Bacon.

"[Signed]                                        Henry C. Andrews."

It was suggested upon the oral argument that the shares in the Passaic Water Enterprise had been exchanged for bonds of that concern; and among the assets appearing in the schedule, which forms a part of the appraiser's report, are 38 bonds of said company, valued at $39,700.    There is no evidence, however, in the papers attached to the appraiser's report, to sustain such claim; and the unattested writing following the will would seem to indicate that an out and out sale of the said shares had been made by the testator during his lifetime.    The appraiser divided the estate apparently according to the terms of the unattested paper writing; and it is urged that the words in the will, "or the proceeds thereof, when realized," support his theory of distribution.    Upon the part of the appellants it is claimed that the bequests of the four shares of the Passaic Water Enterprise were adeemed by the sale thereof during the lifetime of the testator, the legacies being specific.    It is unquestionably true that were it not for the words, "or the proceeds thereof, when realized," the legacies referred to would be specific, and their sale during the lifetime of the decedent would result in their ademption.    The only evidence we have as to their sale is that contained in the unattested writing at the foot of the will.    It is, of course, superfluous to say that the attempted disposition by this unattested instrument is ineffectual, and can have no force other than as evidence that the shares had been sold.    It is my opinion, however, that, if evidence can be furnished of the actual sale of these shares and the sums realized therefor, the terms of the will will carry the proceeds in the shares specified in the will to the legatees.    The matter is remitted to the appraiser for the purpose of introducing evidence upon this subject.    Decreed accordingly.